# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: August 30, 2019

| | | |
|---|---|---|
| * * * * * * * * * * * * * * | | |
| KELLY RUPERT, | * | No. 15–841V |
| | * | |
| Petitioner, | * | Special Master Sanders |
| | * | |
| v. | * | |
| | * | Decision; Interim Attorneys' |
| SECRETARY OF HEALTH | * | Fees and Costs; Reduction of |
| AND HUMAN SERVICES, | * | Hourly Rate. |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * | | |

### DECISION AWARDING INTERIM ATTORNEYS' FEES AND COSTS[1]

On February 22, 2019, Kelly Rupert ("Petitioner") filed a motion requesting $116,245.82 in interim attorneys' fees and costs for her counsel, Mr. William Cochran. Mot. Int. Att'ys' Fees & Costs at 12, ECF No. 69. On March 6, 2019, Respondent filed his response to Petitioner's motion. Resp't's Resp., ECF No. 70. In his response, Respondent stated that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met" in this case, but otherwise deferred to my discretion to determine the amount to be awarded. *Id.* at 2. For the reasons stated below, I will award interim attorneys' fees and costs for Petitioner's counsel at this time.

### I.   Procedural History

This case was originally assigned to Special Master Hamilton-Fieldman. ECF No. 4. On August 7, 2015, Petitioner filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-1 to -34 (2012). Petitioner alleges that the influenza ("flu") vaccine she received on July 26, 2013, caused her to suffer a significant aggravation of kidney failure and glomerulonephritis. Am. Pet. at 1, ECF No. 36. At the time of filing, and throughout the entirety of this case, Petitioner has been represented by Mr. Cochran.

---

[1] This Decision shall be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, I agree that the identified material fits within the requirements of that provision, such material will be deleted from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Shortly after she filed her petition for compensation, Petitioner filed evidence of vaccination, along with ten medical record exhibits, on August 10, 2015. Pet'r's Exs. 1–11, ECF Nos. 6–7. The next day, Petitioner filed her first statement of completion. ECF No. 8. Respondent filed the Rule 4(c) Report on November 5, 2015, recommending that compensation be denied. ECF No. 13. A status conference was held on November 23, 2015, at which time Special Master Hamilton-Fieldman directed Petitioner to submit an amended petition (clarifying the date of vaccination) by December 4, 2015, along with updated medical records by January 4, 2016. ECF No. 15. Special Master Hamilton-Fieldman also ordered Petitioner to file an expert report no later than January 25, 2016. *Id.*

Petitioner thereafter filed an amended petition on December 3, 2015. ECF No. 16. Following two extension requests, Petitioner submitted an additional two sets of medical records on March 16, 2016, followed by one additional set on April 6, 2016. Pet'r's Exs. 14–16, ECF Nos. 21, 26. Petitioner filed her second statement of completion on April 6, 2016. ECF No. 27.

Petitioner submitted an expert report from Eric Gershwin, M.D., accompanied by supporting medical literature, on April 15, 2016. Pet'r's Exs. 19–46, ECF Nos. 28–31. On that same date, Petitioner also filed an opinion letter from Wesam Ballouk, M.D. ECF No. 28. Respondent filed two responsive expert reports, one from Arnold Levinson, M.D., and one from Derek Fine, M.D., on July 21, 2016. Resp't's Exs. A, C, ECF Nos. 33–34. The accompanying medical literature was filed on that same date. Resp't's Exs. A.1–D, ECF Nos. 33–34.

Following the filing of initial expert reports, Special Master Hamilton-Fieldman held a status conference with the parties, at which time she directed Petitioner to file a second amended petition (to limit her claim to significant aggravation) and updated medical records. ECF No. 35. Petitioner filed a second amended petition and the ordered medical records on August 30, 2016. ECF Nos. 36–37.

On January 3, 2017, Petitioner filed a supplemental expert report from Dr. Gershwin along with a supplemental opinion from Dr. Ballouk. Pet'r's Exs. 49–50, ECF No. 40. The case was reassigned to me shortly thereafter on January 9, 2017. ECF No. 41. On February 17, 2017, Respondent filed a responsive supplemental expert report from Dr. Fine. Resp't's Ex. E, ECF No. 43. The parties thereafter engaged in settlement discussions from April 2017 through June 2017, which proved unsuccessful.

On July 5, 2017, I issued an order directing the parties to file a status report proposing dates for an entitlement hearing. Non-PDF Order, docketed July 5, 2017. The matter was subsequently set for hearing on December 5–6, 2018. ECF Nos. 51–52. The hearing date was subsequently rescheduled for October 29–30, 2019. ECF No. 71.

This matter is now ripe for consideration.

## II.    Availability of Interim Attorneys' Fees and Costs

### A.  Good Faith and Reasonable Basis

Under the Vaccine Act, petitioners may recover reasonable attorneys' fees and costs only if "the petition was brought in good faith and there was a reasonable basis for which the petition was brought." 42 U.S.C. § 300aa-15(e)(1). Respondent does not object to Petitioner's motion on the basis of good faith or reasonable basis, and I find that the statutory criteria for an award of fees and costs is met.

### B. Justification for an Interim Award

In *Avera*, the Federal Circuit stated that a special master may award attorneys' fees and costs on an interim basis. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). The Court noted that such awards "are particularly appropriate in cases where proceedings are protracted and costly experts must be retained." *Id.* Similarly, the Federal Circuit held in *Shaw* that it is proper for a special master to award interim attorneys' fees "[w]here the claimant establishes that the cost of litigation has imposed an undue hardship and that there exists a good faith basis for the claim . . . ." *Shaw v. Sec'y of Health & Human Servs.*, 609 F.3d 1372, 1375 (Fed. Cir. 2010).

Applying these standards, an award of interim attorneys' fees and costs is reasonable and appropriate in this case. To date, Petitioner has submitted multiple expert reports and numerous exhibits in support of her petition. *See* Pet'r's Exs. 17, 19, 49–50, ECF Nos. 28, 50. An entitlement hearing is also scheduled to take place in October of this year. ECF No. 71. Due to a multitude of factors, many cases in the Program are not proceeding as quickly as they may have in the past. *See Miles v. Sec'y of Health & Human Servs.*, No. 12–254V, 2017 WL 4875816, at *5 (Fed. Cl. Spec. Mstr. Oct. 4, 2017) (where an entitlement hearing was scheduled for later the same month, the special master noted that "[i]t may be months to years before an entitlement ruling is issued"); *Abbott v. Sec'y of Health & Human Servs.*, No. 14–907V, 2016 WL 4151689, at *4 (Fed. Cl. Spec. Mstr. July 15, 2016) ("The delay in adjudication, to date, is due to a steady increase in the number of petitions filed each year."). Based on the number and nature of cases currently pending, a written decision on entitlement in this case will likely not be issued until well into 2020. Petitioner's counsel has requested over $100,000.00 in fees and costs, and "[i]t cannot be seriously argued that in essence loaning cases thousands of dollars for years is not a hardship." *Kirk v. Sec'y of Health & Human Servs.*, No. 08–241V, 2009 WL 775396, at *2 (Fed. Cl. Spec. Mstr. Mar. 13, 2009). Therefore, I find an award of interim attorneys' fees and costs to be reasonable and appropriate in this matter.

### III. Reasonable Attorneys' Fees

The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees under the Vaccine Act. *Avera*, 515 F.3d at 1348. This is a two-step process. *Id.* First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347–48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id.* at 1348.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991) ("[T]he reviewing court must grant

the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008).

### A. Reasonable Rates

Forum rates are used in the lodestar formula, except when the rates in an attorney's local area are significantly lower than forum rates. *Avera*, 515 F.3d at 1348–49. In a 2015 decision, Special Master Gowen determined the reasonable forum rate ranges for attorneys with varying years of experience. *See McCulloch v. Sec'y of Health & Human Servs.*, No. 09–293V, 2015 WL 5634323, at *18–19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *mot. for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). When considering whether a requested rate is reasonable, special masters may consider an attorney's overall legal experience and his experience in the Vaccine Program, as well as the quality of the work performed. *Id.* at *17. The *McCulloch* rates have been updated for subsequent years and are accessible on the Court's website at http://www.uscfc.uscourts.gov/vaccine-programoffice-special-masters.

#### i. Reasonable Hourly Rates

Petitioner requests the following hourly rates for the attorneys, paralegals, and law clerks who have worked on this matter to date:
- William Cochran:
    - 2014 – $335
    - 2015 – $345
    - 2016 – $355
    - 2017 – $365
    - 2018 – $377
    - 2019 – $391
- Michael McLaren:
    - 2015 – $410
    - 2016 – $425
    - 2017 – $440
    - 2018 – $456
- Chris Webb:
    - 2014 – $285
- Law Clerk:
    - 2014 – $140
    - 2015 – $145
    - 2016 – $145
    - 2017 – $148
    - 2018 – $153
    - 2019 – $159
- Paralegals
    - 2014 – $130
    - 2015 – $135

The Black McLaren firm is located in Memphis, Tennessee, thus forum rates apply. *See*, *e.g.*, *Henry v. Sec'y of Health & Human Servs.*, No. 15–545V, 2016 WL 7189925, at *10 (Fed. Cl. Spec. Mstr. Nov. 4, 2016). I find that the majority of the rates requested herein are consistent with what these individuals have been previously awarded in the Program and that the rates are reasonable in light of *McCulloch*. *See, e.g.*, *Teter v. Sec'y of Health & Human Servs.*, No. 17–1801, 2019 WL 2406958 (Fed. Cl. Spec. Mstr. May 17, 2019); *Wilson v. Sec'y of Health & Human Servs.*, No. 15–521V, 2019 WL 1531489 (Fed. Cl. Spec. Mstr. Mar. 1, 2019)*; Weir v. Sec'y of Health & Human Servs.*, No. 15–1491V, 2018 WL 5095156 (Fed. Cl. Spec. Mstr. Sept. 11, 2018); *Castle v. Sec'y of Health & Human Servs.*, No. 15–222V, 2017 WL 897427 (Fed. Cl. Spec. Mstr. Feb. 9, 2017); *see also McCulloch,* 2015 WL 5634323, at *17–19*.

Based on the rates awarded to counsel in the above-noted cases, I find that two rate reductions are warranted herein. In the present matter, Mr. McLaren requests a rate of $456 per hour for work completed in 2018. Mot. Int. Att'ys' Fees & Costs at 11, ECF No. 69. In *Teter*, however, Special Master Oler awarded him a 2018 rate of $455 per hour consistent with prior Program case law. *See, e.g.*, *Teter*, 2019 WL 2406958, at *2. Mr. McLaren completed 4.0 hours of work in 2018. Thus, the reduction (based on his 2018 rate) amounts to $4.00. Petitioner's requested rate for law clerk work in 2014 shall also be reduced. *See, e.g.*, *Castle*, 2017 WL 897427, at *2 (awarding the Black McLaren firm $130 for law clerk work in 2014). Black McLaren firm law clerks completed 3.4 hours of work in 2014. ECF No. 69 at 12. This amounts to a total reduction of $34.00. In total, the reduction to firm rates amounts to **$38.00**. All remaining rates requested for attorney, paralegal, and law clerk work are reasonable and will be awarded accordingly without reduction.

### ii. Hours Expended

Petitioner requests compensation for over 250 hours billed by the attorneys, paralegals, and law clerks at Black McLaren. Mot. Int. Att'ys' Fees & Costs at 31, ECF No. 69-2. Petitioner has submitted adequate billing logs listing the date, amount of time, and the nature of each task completed. I have reviewed the billing records and do not find any entries to be objectionable, and Respondent has not objected to any particular entry. Accordingly, I find the hours expended on this matter are reasonable and should be awarded in full.

### B. Costs

Similar to attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992). Mr. Cochran has requested $31,413.72 in interim attorneys' costs. The significant majority of the requested costs are related to obtaining expert reports. *See* Mot. Int. Att'ys' Fees & Costs at 32–33, ECF No. 69. Petitioner's first retained expert, Dr. Gershwin, billed an hourly rate of $450 per hour for work completed on this matter. *Id.* at 45, 49, 51, 53. Dr. Gershwin's rate is consistent with what he has been awarded in past Program cases. *See, e.g.*, *Reichert v. Sec'y of Health & Human Servs.*, No. 16–697V, 2018 WL 3989429, at *4 (Fed. Cl. Spec. Mstr. June 20, 2018). Accordingly, the hourly rate requested herein for Dr. Gershwin's work will be awarded without reduction. The hours billed by Dr. Gershwin are also reasonable and will be reimbursed in full.

5

Petitioner's second expert, Dr. Ballouk, billed at an hourly rate of $325 per hour for work related to this matter. Mot. Int. Att'ys' Fees & Costs at 83–86, ECF No. 69. Based on my review of the relevant case law, this appears to be one of Dr. Ballouk's first cases in the Program. When determining a reasonable hourly rate for expert work, an expert's professional qualifications and relevant experience can be considered. *See, e.g.*, *Homick v. Sec'y of Health & Human Servs.*, No. 15–1529, 2018 WL 3991376, at *13 (Fed. Cl. Spec. Mstr. June 26, 2018). Dr. Ballouk is board-certified internist employed with the Kidney Group of Memphis in Memphis, Tennessee. Pet'r's Ex. 18 at 2. According to his curriculum vitae, he has over fifteen years of medical practice experience. *Id.* Based on my own review of his credentials and submissions, I find Dr. Ballouk to be a competent expert whose reports offered clarification regarding Petitioner's health course from a treatment perspective. The rate requested for his work herein is also consistent with those awarded to other first-time Program experts. *See, e.g.*, *DePena v. Sec'y of Health & Human Servs.*, No. 13–675, 2017 WL 1476240, at *5 (Fed. Cl. Spec. Mstr. Mar. 30, 2017) (awarding $325 to first-time Program expert). Thus, the hourly rate requested for Dr. Ballouk's work (along with the number of hours requested) will be awarded without reduction.

The remainder of the requested costs (including medical record requests, travel costs, copying and postage charges, and the filing fee) represent ordinary Vaccine Program litigation expenses. Upon review of the billing record, I find that these costs are reasonable and should be awarded in full.

**IV.     Conclusion**

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15I (2012), I award Mr. Cochran interim costs as follows:

| | |
|---|---|
| Interim Attorneys' Fees Requested | $84,832.10 |
| (Reduction to Hourly Rates) | -$38.00 |
| **Interim Attorneys' Fees Awarded** | **$84,794.10** |
| | |
| Interim Costs Requested | |
| **Interim Costs Awarded** | $31,413.72 |
| **Total Amount Awarded** | **$31,413.72** (no reduction) |
| | **$116,207.82** |

Accordingly, I will award the total of **$116,207.82** to be issued in the form of a check payable jointly to Petitioner and Petitioner's counsel, Mr. William Cochran, of Black McLaren, PC, for interim attorneys' fees and costs.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court SHALL ENTER JUDGMENT in accordance with the terms of the above decision.[3]

**IT IS SO ORDERED.**

s/Herbrina D. Sanders
Herbrina D. Sanders
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of a notice renouncing the right to seek review.